Arthur CALDERON, Warden, Warden of the California State Prison at San Quentin, Petitioner,

v.

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, Respondent,

No. 98–70733.

United States Court of Appeals, Ninth Circuit.

Aug. 13, 1998.

Paul M. Roadarmel, Jr., Deputy Attorney General for the State of California, Los Angeles, CA, for petitioner.

Before: HUG, Chief Judge, FARRIS and SILVERMAN, Circuit Judges.

Warden Calderon petitions for a writ of mandamus challenging the district court's Order dated February 26, 1998 and seeking dismissal of the habeas proceeding pending in district court. The district court denied the Warden's Motion to Dismiss Stanbury's Petition for Writ of Habeas Corpus based on alleged deficiencies in the verification of the petition. After denying the motion to dismiss, the district judge declined the Warden's request to certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b). Initially, the Warden sought appellate review. However, we dismissed the appeal for lack of jurisdiction. Prior to our dismissal of the appeal, the Warden filed this mandamus action.

■ A petition for writ of mandamus pursuant to 28 U.S.C. § 1651 is an extraordinary writ. We consider five guidelines to determine whether to grant mandamus relief: (1) the party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires; (2) the petitioner will be damaged or prejudiced in a way not correctable on appeal; (3) the district court's order is clearly erroneous as a matter of law; (4) the district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules; and (5) the district court's order raises new and important problems or issues of law of first impression. *Bauman v. United States District Court*, 557 F.2d 650, 654–55 (9th Cir. 1977).

■ The Warden's petition does not meet these factors. There is no indication that the issue cannot be raised on direct appeal after the habeas petition proceeds through district court. In addition, the Warden has not established that the district court's order is clearly erroneous, an oft-repeated error or that it raises new and important problems that should be considered outside of the normal appeal process. Thus, mandamus is not appropriate in this case.

PETITION FOR WRIT OF MANDAMUS DENIED.